■ OCEAN PARKWAY MEDICAL BUILDING, Respondent, v ROBERT BAKALIS et al., Appellants.—In an action to recover damages, *inter alia,* for libel, slander, and tortious interference with a contract, the defendants appeal from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 5, 1985, as denied their motion to amend their answer to plead the defense of the Statute of Limitations.

Order reversed insofar as appealed from, without costs or disbursements, and motion granted.

On the facts presented, including the lack of demonstrable prejudice to the plaintiff, Special Term should have granted the defendants' motion to amend their answer *(see,* CPLR 3025 [b]). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.

■ THOMAS OLIVIERI, Appellant, v STEVEN SCHWARTZ, Defendant, and LONG BEACH MEMORIAL HOSPITAL, Respondent.— In an action to recover damages for injuries resulting from medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Widlitz, J.), dated January 22, 1985, which dismissed the complaint as to the defendant Long Beach Memorial Hospital, after the close of the plaintiff's case.

Judgment affirmed, with costs.

The plaintiff failed to adduce proof that hospital personnel allowed him to lie flat on his back between the time of his myelogram and the onset of his excruciating headaches. His expert's testimony that the dye reached his head more quickly than would be expected because he was permitted to lie flat was based upon speculation, and was insufficient to prove that the nurses failed to follow the physician's orders *(see, Caton v Doug Urban Constr. Co.,* 65 NY2d 909). This is especially true since the expert acknowledged that other factors also could have affected the rapidity with which the dye reached the plaintiff's head.

The plaintiff's remaining contentions have been considered and found to be without merit. Accordingly, the complaint as against the hospital was properly dismissed. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.